UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, Individually, and on behalf of all others similarly situated, | ) ) ) | CASE NO. 5:24-cv-907 |
| Plaintiff, | ) ) | JUDGE CHARLES E. FLEMING |
| v. | ) ) ) | |
| CRYSTAL CLINIC ORTHOPAEDIC CENTER, LLC, | ) ) ) | **ORDER** |
| Defendant. | ) | |

On April 26, 2024, Plaintiff Jane Doe filed an amended class action complaint in the Summit County Court of Common Pleas against Defendant Crystal Clinic Orthopaedic Center, LLC, a "physician-owned" medical group headquartered in Akron, Ohio that provides orthopedic care and treatment to patients, alleging that Defendant violated federal and state laws by disclosing "Protected Health Information" and "Personally Identifying Information" to third parties without authorization and consent. (ECF No. 1-6). On May 22, 2024, Defendant removed the case to the Northern District of Ohio pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1). (ECF No. 1).

Defendant contends that removal is proper under the statute, even though it is a private actor, because: (i) it qualifies as person acting under the authority of a federal officer; (ii) Plaintiff's claims relate to actions taken under the color of federal officer; and (iii) Defendant has raised a colorable federal defense. (*See id.* at PageID #4–14). Defendant asserts that it created the online portal at issue in this case pursuant to guidance from The Office of the National Coordinator for Health Information Technology and requirements and incentives set forth under the Health Information Technology for Economic and Clinical Health Act of 2009 ("HITECH Act") and the

Centers for Medicare & Medicaid Services's "Meaningful Use" program (rebranded as the Promoting Interoperability Program). (*Id.* at PageID #6–9).

Because federal courts have limited jurisdiction, they "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). If a district court determines that it lacks subject matter jurisdiction, it is required to remand the case. 28 U.S.C. § 1447(c). The Federal Officer Removal Statute permits removal in cases against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). "In cases where the defendants are not federal officers, the removing defendants must satisfy three requirements in order to invoke the federal-officer removal statute: (1) the defendants must establish that they acted under a federal officer, (2) those actions must have been performed under color of federal office, and (3) the defendants must raise a colorable federal defense." *Friedman v. Montefiore*, No. 22-3703, 2023 U.S. App. LEXIS 17964, at *15–16 (6th Cir. July 13, 2023) (quoting *Mays v. City of Flint*, 871 F.3d 437, 442–43 (6th Cir. 2017) (internal quotation marks omitted).

Having reviewed the notice of removal, the Court has doubts as to whether removal is proper under 28 U.S.C. § 1442(a)(1). As noted by Defendant, the district court in *Doe v. ProMedica Health Sys.* concluded that removal was proper in circumstances similar to this case—where a healthcare organization released private information to third parties through an online portal that was created to take advantage of federal incentives for the creation of a nationwide system of electronic records. *See* No. 3:20-CV-1581, 2020 U.S. Dist. LEXIS 244916, at *4–8 (N.D. Ohio Oct. 30, 2020). However, the Court notes that the weight of authority since that

2

decision has found that removal under the circumstances presented in this case is improper and unwarranted. *See, e.g.*, *Doe v. Christ Hosp.*, No. 1:23-cv-27, 2023 U.S. Dist. LEXIS 129792, at *21–25 (S.D. Ohio July 26, 2023) (finding *ProMedica* unpersuasive and determining that the defendant hospital's participation in the Promoting Interoperability Program did not suffice to show that it acted under a federal officer); *Martin v. LCMC Health Holdings, Inc.*, No. 23-30522, 2024 U.S. App. LEXIS 11596, at *9 (5th Cir. May 13, 2024); *Mohr v. Trs. of the Univ. of Pa.*, 93 F.4th 100, 103–04, 06 (3d Cir. 2024) (collecting cases); *Doe v. BJC Health Sys.*, 89 F.4th 1037, 1045–07 (8th Cir. 2023) ("[Defendant] was not a government contractor, and it did not function in practice as a federal instrumentality. It made a private website and received a federal subsidy. This is insufficient for removing a case under 28 U.S.C. § 1442(a)(1).")

To aid in the resolution of this jurisdictional issue, the parties are hereby **ORDERED** to submit briefing as to whether the Court has subject matter jurisdiction over this removed action. Having already provided initial arguments in support of jurisdiction in its notice of removal, Defendant shall file a supplemental brief in support of jurisdiction by June 24, 2024.  Plaintiff shall file a response by July 8, 2024.  Defendant shall file its reply, if any, by July 15, 2024.

**IT IS SO ORDERED.**

Date: June 10, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**