## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| JANE DOE, Individually, and on behalf of all others similarly situated, | CASE NO. 5:24-cv-907 |
| Plaintiff, | JUDGE CHARLES E. FLEMING |
| v. | |
| CRYSTAL CLINIC ORTHOPAEDIC CENTER, LLC, | **ORDER OF REMAND** |
| Defendant. | |

Before the Court is Plaintiff's motion to remand for lack of subject matter jurisdiction. (ECF No. 7). Defendant has filed its reply in opposition, (ECF No. 9), and Plaintiff has filed her reply in support, (ECF No. 10). For the reasons below, the motion to remand is **GRANTED** and the action is **REMANDED** to the Summit County Court of Common Pleas.

**I.     BACKGROUND**

On April 26, 2024, Plaintiff Jane Doe filed an amended class action complaint in the Summit County Court of Common Pleas against Defendant Crystal Clinic Orthopaedic Center, LLC, a "physician-owned" medical group headquartered in Akron, Ohio who provides orthopedic care and treatment to patients. The complaint alleges that Defendant violated federal and state laws by disclosing "Protected Health Information" and "Personally Identifying Information" to third parties without authorization and consent. (ECF No. 1-6). Specifically, Plaintiff alleges that Defendant facilitated the disclosure of this protected information to third parties by embedding "Meta Pixel" and other tracking technology into its website; this allegedly tracked information about its website user's device and transmitted private health information to third parties for marketing purposes. (*Id.* at PageID #136–95).

1

The proposed class was: "All Ohio citizens whose Private Information was disclosed by Defendant to third parties through the Meta Pixel and related technology without authorization." (*Id.* at PageID #195).  Plaintiff asserted seven state law claims: (i) breach of confidence, unauthorized disclosure of nonpublic medical information (Count One); (ii) negligence (Count Two); (iii) negligence *per se* (Count Three); (iv) invasion of privacy—intrusion upon seclusion (Count Four); (v) breach of implied contract (Count Five); (vi) unjust enrichment (Count Six); and (vii) interception and disclosure of electronic communications, in violation of Ohio Rev. Code § 2933.52 (Count Seven).  (*Id.* at PageID #201–14).

On May 22, 2024, Defendant removed the case to the Northern District of Ohio pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1).  (ECF No. 1).  Defendant asserted that removal was proper under § 1442, even though it is a private actor, because: (i) it qualifies as a person acting under the authority of a federal officer; (ii) Plaintiff's claims relate to actions taken under color of federal office; and (iii) Defendant will raise a colorable federal defense.  (*See id.* at PageID #4–14).

On June 17, 2024, Plaintiff filed the instant motion to remand for lack of subject matter jurisdiction.  (ECF No. 7).  She argues that removal was improper under § 1442(a)(1), and the Court lacks jurisdiction, because Defendant was not "acting under" or taking actions pursuant to federal authority.  (ECF No. 7-1, PageID #242–53).  Plaintiff also argues that the removal lacked an objectively reasonable basis and moves for an award of attorney's fees pursuant to 28 U.S.C. § 1447(c).  (ECF No. 7; ECF No. 7-1, PageID #253).  On July 17, 2024, Defendant filed its opposition to the motion to remand, (ECF No. 9), and Plaintiff filed her reply in support on July 31, 2024.  (ECF No. 10).

## II. LAW AND ANALYSIS

### A. Removal under 42 U.S.C. § 1442(a)(1) (Federal Officer Removal)

Because federal courts have limited jurisdiction, they "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). If a district court determines that it lacks subject matter jurisdiction in a removal case, it is required to remand the case. 28 U.S.C. § 1447(c). The Federal Officer Removal Statute permits removal in cases against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). Here, the parties do not dispute that Defendant is not a federal officer. "In cases where the defendants are not federal officers, the removing defendants must satisfy three requirements in order to invoke the federal-officer removal statute: (1) the defendants must establish that they acted under a federal officer, (2) those actions must have been performed under color of federal office, and (3) the defendants must raise a colorable federal defense." *Friedman v. Montefiore*, No. 22-3703, 2023 U.S. App. LEXIS 17964, at *15–16 (6th Cir. July 13, 2023) (quoting *Mays v. City of Flint*, 871 F.3d 437, 442–43 (6th Cir. 2017)) (internal quotation marks omitted). The "acting under" requirement turns on whether the relationship between the removing party and the federal government involves sufficient "subjection, guidance, or control" and whether the private entity is "assisting the federal government in carrying out the government's own tasks." *Mays*, 871 F.3d at 444 (citing *Watson v. Phillip Morris Cos., Inc.*, 551 U.S. 142, 151–52, 127 S. Ct. 2301, 168 L. Ed. 2d 42 (2007)).

Defendant's argument that removal was proper under § 1442 is based on its assertion that it was "acting under" a federal officer through its participation in the federal government's

3

"Meaningful Use Program." (ECF No. 9, PageID #279–86).  In 2009, Congress enacted the Health Information Technology for Economic and Clinical Health Act ("HITECH Act"), with the goal of encouraging healthcare providers to adopt and use health information technology, such as using electronic health records ("EHR") and making them accessible to patients online.  Pub. L. No. 111-5, §§ 13001–13424, 123 Stat. 115, 226–79 (2009); 42 U.S.C. § 300jj-11(b).  Pursuant to the HITECH Act, the Secretary of Health and Human Services ("HHS"), as well as its agencies, promoted the development of health information technology by making incentive payments to certain, qualifying healthcare providers who adopted health information technology. *See* 42 U.S.C. § 1395w-4(o).

In 2010, the Centers for Medicare and Medicaid Services ("CMS"), an HHS agency, established the Meaningful Use Program, subsequently rebranded as the "Promoting Interoperability Program" (the "Program").  42 C.F.R. §§ 495.2–495.110, 495.4.  The Program is a voluntary, noncontractual program under which the CMS offers incentive payments to certain health care providers who meet certain objectives and therefore qualify as a "meaningful EHR user."  42 C.F.R. §§ 495.20–495.24; 42 U.S.C. § 1395w-4(o).  To qualify for the Program, and to receive incentive payments, a healthcare provider is required to submit certain information to the federal government to demonstrate qualification and compliance with the Program. *See* 42 U.S.C. §§ 1395w-4(o)(2), 1395ww(n)(3); 42 C.F.R. § 495.60(a).

The Court finds that removal was improper under 42 U.S.C. § 1442(a)(1) because Defendant's participation in the Program does not constitute "acting under" a federal officer. Defendant maintains that it was "acting under" the authority of a federal officer because, as a participant in the Program, it helped assist the federal government's goal in creating a nationwide system of electronic access to healthcare patients and was under a degree of control by the federal

4

government who laid out a framework and guidelines for Program participants to follow. (ECF No. 9, PageID#282–83). The Court finds this argument unpersuasive.

While the Supreme Court has held that the phrase "acting under" is "broad" and to be "liberally construed," this broad language is "not limitless." *See Watson*, 551 U.S. at 153. "Merely complying with federal laws and regulations does not amount to 'acting under' a federal officer, even for a private party whose 'activities are highly supervised and monitored' under detailed regulations." *Rosen v. Montefiore*, 582 F. Supp. 3d 553, 561 (N.D. Ohio 2022) (quoting *Watson*, 551 U.S. at 153). Defendant has demonstrated that it is a *voluntary* participant in a federal program where participants are monitored by the federal government and receive monetary incentives for complying with federal regulations. But this does not establish that Defendant was "acting under" a federal officer, even when applying § 1442's liberal standard. There is no contract between Defendant and the federal government and a healthcare provider's participation in the Program involves no delegation of federal authority. While there is monitoring by the federal government, this does not amount to the level of requisite control contemplated under *Watson*. *See Watson*, 551 U.S. at 151–52. Moreover, the receipt of federal funding does not establish that Defendant was acting under a federal officer. *See Mays*, 871 F.3d at 444–45.

The Court is further persuaded by the weight of authority, which has addressed this exact issue when presented with near identical circumstances and found that it is improper for private healthcare providers to remove a case pursuant to § 1442(a)(1) based solely on their participation in the Program or other similar incentive programs. *See, e.g.*, *Mohr v. Trs. of the Univ. of Pa.*, 93 F.4th 100, 106 (3d Cir. 2024) (collecting cases); *Doe v. BJC Health Sys.*, 89 F.4th 1037, 1047 (8th Cir. 2023) ("[Defendant] was not a government contractor, and it did not function in practice as a federal instrumentality. It made a private website and received a federal subsidy. This is

5

insufficient for removing a case under 28 U.S.C. § 1442(a)(1)."). The Court is chiefly persuaded by the decision in *Doe v. Christ Hosp.*, a case involving facts and elements nearly identical to those presented in this case. *See* No. 1-23-cv-27, 2023 U.S. Dist. LEXIS 129792, at *3–6, 16–25. (S.D. Ohio July 26, 2023).

*Christ Hosp.* also involved: (i) a defendant (a private hospital system), who created an online patient portal while participating in the Program; (ii) plaintiffs who brought claims based on allegations that the defendant transmitted protected medical information to third parties through tracking software; and (iii) removal of the case pursuant to 42 U.S.C. § 1442(a)(1) based on the defendant's participation in the Program. *See id.* at *3–6. The *Christ Hosp.* court concluded that the defendant's voluntary participation in the Program was insufficient to establish that it was "acting under" a federal officer within the meaning of the statute, explaining that:

> [T]he Hospital has failed to show that it acts under a federal officer. To start, the Hospital has identified no federal contract nor express delegation of federal authority. Rather, the Hospital voluntarily participates in a program and receives incentive payments. That arrangement is far from the "subjection, guidance, or control" expected in a principal/agent relationship. *Watson*, 551 U.S. at 151.
>
> Nor does the Hospital assist with or perform a government task or duty through participation in the Program. *See Mays*, 871 F.3d at 444. No evidence shows that HHS or CMS would establish an online health interface if the Hospital and other healthcare providers chose not to participate. Rather, the Program is principally designed to encourage the private sector to establish private health interfaces. True, the Hospital acted in the public interest when doing so. But acting in the public interest isn't the same as acting under a federal officer. S*ee Ohio State Chiropractic Ass'n*, 647 F. App'x at 623–24 (noting a private actor can help the government serve the public without performing a government task).
>
> Finally, as noted, without more evidence of a principal/agent relationship, the Hospital's receipt of incentives payments changes nothing. *Mays*, 871 F.3d at 444 ("[T]he receipt of federal funding alone cannot establish a delegation of legal authority."); *Quinto v. Regents of Univ. of Cal.*, No. 22-cv-04429, 2023 U.S. Dist. LEXIS 17263, 2023 WL 1448050, at *2 (N.D. Cal. Feb. 1, 2023) ("[R]eceiving incentive payments for acting in a way that promotes a broad federal interest . . . is not the same as being contracted to carry out, or assist with, a basic governmental duty.").

2023 U.S. Dist. LEXIS 129792, at *21–22. The Court adopts this reasoning, finding it both highly persuasive and applicable to the instant case.

Defendant argues that the Court should instead follow the decision set forth in *Doe v. ProMedica Health System, Inc.*, No. 3:20-cv-1581, 2020 U.S. Dist. LEXIS 244916 (N.D. Ohio Oct. 30, 2020), in which the district court found that removal under § 1442(a)(1) was proper where a similarly situated defendant participated in the Program in essentially the same manner as Defendant. (ECF No. 9, PageID #280–83). The Court finds Defendant's reliance on *ProMedica* unpersuasive for several reasons. First, *ProMedica* relied exclusively on *Doe v. UPMC*, No. 2:20-CV-359, 2020 U.S. Dist. LEXIS 136077 (W.D. Pa. July 31, 2020), for its determination that the defendant's participation in the Program satisfied the "acting under" requirement. *ProMedica*, 2020 U.S. Dist. LEXIS 244916, at *5–6 (quoting *UPMC*, 2020 U.S. Dist. LEXIS 136077, at *17–18). However, the Third Circuit has since effectively overruled *UPMC*. *See Mohr*, 93 F.4th at 106 ("Penn also urges us to follow [*UPMC*]. There, based on nearly identical facts to Plaintiffs' case, the district court concluded that UPMC acted like a government contractor in operating its patient portal and receiving payments under the Program. We reject the court's holding in [*UMPC*]." (internal citations omitted)). Second, the Court agrees with the *Christ Hosp.* court's observation that *UMPC* and *ProMedica* both took "an overly broad view of what counts as assisting with a federal task" and that "it takes more than merely acting in the public's interest or supporting a general federal policy to qualify." *Christ. Hosp.*, 2023 U.S. Dist. LEXIS 129792, at *24.

Finally, *ProMedica* represents an extreme minority, with nearly all other cases finding that a private healthcare provider is not "acting under" a federal officer by participating in the Program. *See Mohr*, 93 F.4th at 106 (collecting cases); *Martin v. LCMC Health Holdings, Inc.*, No. 23-

7

30522, 2024 U.S. App. LEXIS 11596, at *9 (5th Cir. May 13, 2024) (holding that the defendant's operation of an online patient portal and compliance with the Program's regulations did not constitute "acting under" a federal officer for purposes of § 1442(a)(1)); *Cousin v. Sharp Healthcare*, No. 22-cv-2040-MMA-DDL, 2024 U.S. Dist. LEXIS 48697, at *16–18 (S.D. Cal. Mar. 18, 2024) ("At bottom, as many other courts have recognized, subjecting oneself to regulations, supervision, monitoring, and even receiving incentive payments under the Meaningful Use Program is not sufficient to invoke the federal officer removal statute."); *Beauford v. Johns Hopkins Health Sys. Corp.*, 679 F. Supp. 3d 297, 303 (D. Md. 2023) (collecting cases); *Doe v. Gundersen Lutheran Health Sys.*, No. 23-cv-694-wmc, 2024 U.S. Dist. LEXIS 23164, at *10–11 (W.D. Wis. Feb. 8, 2024) (collecting cases). The Court sides with the overwhelming majority of courts and finds *ProMedica* and its determination regarding federal officer removal to be unpersuasive.

Accordingly, Defendant's participation in the Program is insufficient to demonstrate that it was "acting under" a federal officer and it cannot otherwise demonstrate a basis for federal officer jurisdiction. Thus, removal was improper under § 1442(a)(1) and the Court lacks subject matter jurisdiction over this case.

**B.     Request for Attorneys' Fees**

Having concluded that Defendant improperly removed this action under § 1442(a)(1), the Court must address Plaintiff's request for attorneys' fees pursuant to 28 U.S.C. § 1447(c). Under 28 U.S.C 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "The Supreme Court has instructed that fee awards are inappropriate unless 'the removing party lacked an objectively reasonable basis for seeking removal.'" *Powers v. Cottrell, Inc.*, 728 F.3d 509, 515 (6th Cir. 2013)

8

(quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005); citing *Paul v. Kaiser Found. Health Plan*, 701 F.3d 514, 523 (6th Cir. 2012)). "A defendant lacks an objectively reasonable basis for removal when well-settled case law makes it clear that federal courts lack jurisdiction to hear the case." *A Forever Recovery, Inc. v. Township of Pennfield*, 606 F. App'x 279, 281 (6th Cir. 2015). However, an award is inappropriate when "the defendant's attempt to remove the action was 'fairly supportable.'" *See Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913-14 (6th Cir. 2007) (quoting *Bartholomew v. Town of Collierville*, 409 F.3d 684, 687 (6th Cir. 2005)).

The Court finds that Defendant's basis and argument for removal was objectively reasonable and fairly supported. First, the Sixth Circuit has issued no decision addressing this issue. Second, the decision in *ProMedica*, although ultimately found unpersuasive by the Court, directly supported Plaintiff's argument for removal and was also issued by a court in this district. *See* 2020 U.S. Dist. LEXIS 244916, at *5–8. With no binding precedent and some authority supporting removal, Defendant's notice of removal did not lack an "objectively reasonable basis" and was "fairly supportable." *See A Forever Recovery*, 606 F. App'x at 281; *Chase Manhattan Mortg. Corp.*, 507 F.3d at 914. Accordingly, Plaintiff's request for attorneys' fees under § 1447(c) is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand (ECF No. 7) and **REMANDS** this action to the Summit County Court of Common Pleas. The Court further **DENIES** Plaintiff's request for attorneys' fees (*Id.* at PageID #265–66).

9

**IT IS SO ORDERED.**

Date: August 12, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**